No. 20-61019

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

CHARLES RAY CRAWFORD, *Petitioner-Appellant*

*v.*

BURL CAIN, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; EARNEST LEE, SUPERINTENDENT, MISSISSIPPI STATE
PENITENTIARY, *Respondents-Appellees*

_____

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 3:17cv105-SA-DAS

_____

**APPELLANT CHARLES CRAWFORD'S PETITION
FOR PANEL REHEARING**

_____


Vanessa J. Carroll
Southern Center for Human Rights
60 Walton Street NW
Atlanta, GA 30303
(608) 354-7149
vcarroll@schr.org

*Counsel for Petitioner-Appellant*

# **CERTIFICATE OF INTERESTED PERSONS**

*Charles Ray Crawford v. Burl Cain, et al.*, No. 20-61019

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

1. Bell, David, Former Appellate Counsel
2. Carroll, Vanessa, Counsel for Petitioner-Appellant
3. Coleman, R. Kenneth, Trial Judge
4. Crawford, Charles Ray, Petitioner-Appellant
5. Davis, Jason, L., Former Counsel for Respondent-Appellee
6. Fortier, William R., Trial Counsel
7. Grant, Bridgette, Counsel for Respondent-Appellee
8. Holmes, George T., Former Counsel for Respondent-Appellee
9. Levidiotis, Thomas C., Former Appellate Counsel
10. Little, Lawrence L., State Court Prosecutor
11. Pannell, James, Trial Counsel
12. Robinson, David L., State Court Prosecutor
13. Stuart, Scott, Former Counsel for Respondent-Appellee
14. Swartzfager, Glenn S., Direct Appeal Counsel

*Charles Ray Crawford v. Burl Cain, et al.*, No. 20-61019
_____

15. Wood, Stephanie Breland, Former Counsel for Respondent-Appellee

/s/ *Vanessa Carroll*
Vanessa Carroll
Southern Center for Human Rights
60 Walton Street NW
Atlanta, Georgia 30303
(608) 354-7149
vcarroll@schr.org

*Counsel for Petitioner-Appellant*

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ....................................................... i

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES ............................................................................... iv

PETITION FOR PANEL REHEARING ................................................................1

    I.    The Panel's Ruling That Habeas Corpus Is Limited To Cases Of Factual Innocence Conflicts With Federal Law And Supreme Court Precedent. ......1

    II.    The Panel Erred In Its Rejection Of Crawford's *Ake* Claim. ......................2

    III.    The Panel Did Not Apply The Proper Legal Standard To Crawford's Ineffective Assistance Of Counsel Claim. ....................................................3

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# **TABLE OF AUTHORITIES**

**Cases**

*Ake v. Oklahoma*, 470 U.S. 68 (1985) ...................................................................2

*Brown v. Davenport*, 142 S. Ct. 1510 (2022) .........................................................2

*Evitts v. Lucey*, 469 U.S. 387 (1985) .....................................................................4

*Hinton v. Alabama*, 571 U.S. 263 (2014) ..............................................................4

*Johnson v. Cockrell*, 301 F.3d 234 (5th Cir. 2002) ...............................................4

*Lafler v. Cooper*, 566 U.S. 156 (2012) ..................................................................1

*McWilliams v. Dunn*, 137 S. Ct. 1790 (2017) ....................................................1, 4

*Preiser v. Rodriguez*, 411 U.S. 475 (1973) ...........................................................1

*Roundtree v. State*, 568 So. 2d 1173 (Miss. 1990) ................................................4

*Shinn v. Ramirez*, 142 S. Ct. 1718 (2022) .............................................................2

*Strickland v. Washington*, 466 U.S. 668 (1984) ...................................................3

*Wiggins v. Smith*, 539 U.S. 510 (2003) .................................................................3

**Statutes**

28 U.S.C. § 2244 .....................................................................................................1

28 U.S.C. § 2254 .....................................................................................................1

## PETITION FOR PANEL REHEARING

Charles Ray Crawford respectfully requests rehearing because the panel overlooked and misapprehended critical facts and Supreme Court precedent.

**I.    The Panel's Ruling That Habeas Corpus Is Limited To Cases Of Factual Innocence Conflicts With Federal Law And Supreme Court Precedent.**

The panel's position that petitioners now must show factual innocence to obtain relief is inconsistent with the federal habeas statute, which carves out two specific instances where a showing of innocence is required—successive petitions[1] and evidentiary hearings in federal court[2]—and the statute has never been interpreted by the Supreme Court to contain an innocence requirement. *See Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973) (collecting cases granting the writ on claims unrelated to factual innocence). Moreover, the Supreme Court has granted habeas relief in many cases that did not involve claims of factual innocence, *see, e.g., McWilliams v. Dunn*, 137 S. Ct. 1790, 1801 (2017), and has even expressly held that factual innocence is not a prerequisite to relief. *See, e.g., Lafler v. Cooper*, 566 U.S. 156, 169 (2012) (holding, in federal habeas case, "The fact that respondent is guilty does not mean he was not entitled by the Sixth Amendment to effective assistance or that he suffered no prejudice from his

---

[1] 28 U.S.C. § 2244(b)(2)(B) (ii).

[2] 28 U.S.C. § 2254(e)(2)(B).

1

attorney's deficient performance during plea bargaining"). Finally, the two cases on which the panel roots its extraordinary holding—*Brown v. Davenport*, 142 S. Ct. 1510 (2022), and *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022)—involved habeas claims that did not turn on factual innocence, yet the Supreme Court made no mention of this as a barrier to relief for either petitioner. The panel should therefore grant rehearing to correct its misapplication of federal law.

## II.     The Panel Erred In Its Rejection Of Crawford's *Ake* Claim.

The panel's holding that trial counsel withdrew his motion under *Ake v. Oklahoma*, 470 U.S. 68 (1985) rests on a critical error: **Crawford's trial counsel withdrew his *Ake* motion *in a different case*, not in this case**. The only exchange in which counsel indicated the withdrawal of an *Ake* motion went as follows:

> THE COURT:     Ex parte motion to provide funds for expert assistance.
>
> COUNSEL:       In case 5779 that's a moot question at this point.

ROA.1392. With that statement, counsel was addressing the aggravated assault case, No. 5779. Counsel never suggested that the *Ake* motion was moot or withdrawn as to this case, No. 5780. Moreover, appellate counsel testified that he failed to raise the *Ake* issue due to an oversight, not because of preservation

concerns. ROA.2496-97. The panel's conclusion that the *Ake* motion was not sufficiently strong to support a meritorious claim is erroneous as well.[3]

### III. The Panel Did Not Apply The Proper Legal Standard To Crawford's Ineffective Assistance Of Counsel Claim.

To the extent that Crawford's counsel was required to do more to pursue expert assistance, the panel misapprehended the factual record and misapplied federal precedent when it concluded that counsel performed effectively. Op. at 10-13. The record shows that counsel was aware Crawford had a history of seizures and blackouts and was told by experts that Crawford likely had organic brain damage and needed to undergo neuropsychological testing. ROA.1647-50, 1704-05, 2543-46, 2594, 2599, 2605-06, 2918, 2925, 3009, 3029-58, 3157-58, 3161. However, counsel failed to investigate these leads, which the panel should have considered in assessing the reasonableness of counsel's strategy. *See Wiggins v. Smith*, 539 U.S. 510, 527 (2003).

That is not what the panel did here. Instead of assessing counsel's strategic judgments based on "the adequacy of the investigations supporting those judgments," *Wiggins*, 539 U.S. at 521, the panel adopted a new standard requiring Crawford to show he was "in no better position than one who has no counsel at

---

[3] The panel also stated that Crawford failed to show that his "appellate counsel's failure to raise [the *Ake* issue] was tantamount to providing no counsel at all." Op. at 9. However, the proper standard is whether counsel performed unreasonably. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984).

all." Op. at 10 (quoting *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)). That framing of the deficient performance inquiry is incompatible with *Strickland*.[4]

Finally, the panel misapplied *Hinton v. Alabama*, 571 U.S. 263 (2014) when it held that the "core of the prosecution's case was proving the rape occurred, not that Crawford was sane," and that no mistake of law led to counsel's choice to forego expert assistance. Op. at 13. This is incorrect for two reasons. First, under Mississippi law, once Crawford raised a reasonable doubt about his sanity, the burden shifted to the State to prove his sanity beyond a reasonable doubt. *See Roundtree v. State*, 568 So. 2d 1173, 1181 (Miss. 1990). Second, as in *Hinton*, trial counsel here testified that he did not renew the motion for expert funds because he believed (incorrectly) the court would force him to use the same experts appointed for the State. ROA.3165. This was based on a misunderstanding of *Ake*, which "clearly established" that Crawford was entitled to an expert to assist the defense. *McWilliams*, 137 S. Ct. at 1793.

For the foregoing reasons, Crawford respectfully requests that this Court grant his petition for panel rehearing.

---

[4] Indeed, this Court has used the "no counsel at all" standard only for claims of structural error based on the constructive denial of counsel. *See, e.g., Johnson v. Cockrell*, 301 F.3d 234 (5th Cir. 2002).

4

Respectfully submitted,

/s/*Vanessa J. Carroll*
Vanessa Carroll
Southern Center for Human Rights
60 Walton Street NW
Atlanta, GA 30303
(608) 354-7149
vcarroll@schr.org

*Counsel for Petitioner-Appellant*

# CERTIFICATE OF SERVICE

The undersigned certifies that on January 27, 2023, the foregoing was filed with the Clerk of Court via the electronic filing system, which will send an electronic Notice of Docket Activity to the following Filing User:

Bridgette N. Grant
Special Assistant Attorney General
Mississippi Attorney General's Office
Post Office Box 220
Jackson, MS 39205
bridgette.grant@ago.ms.gov

"The court's electronic Notice of Docket Activity constitutes service of the filed document on all Filing Users."  5th CIR. R. 25.2.5.

/s/*Vanessa J. Carroll*
Vanessa Carroll
60 Walton Street NW
Atlanta, GA 30303
(608) 354-7149
vjcarroll@gmail.com

*Counsel for Petitioner-Appellant*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that:

1. This brief complies with this Court's January 23, 2023 order granting Petitioner-Appellant's motion to file petitions for rehearing in excess of the word count set forth in Fed. R. App. P. 40(b)(2), because—when added to the contemporaneously filed petition for rehearing *en banc*—the petitions contain less than 4,900 words, excluding the parts of the document exempt under Fed. R. App. P. 32(f). This document contains 908 words and the petition for rehearing *en banc* contains 3,983 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman, 14-point font for text.

/s/*Vanessa J. Carroll*
Vanessa Carroll
Southern Center for Human Rights
60 Walton Street NW
Atlanta, GA 30303
(608) 354-7149
vcarroll@schr.org

*Counsel for Petitioner-Appellant*