No. 20-61019

═══════════════════════════════════════════

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

═══════════════════════════════════════════

CHARLES RAY CRAWFORD, *Petitioner-Appellant*

*v.*

BURL CAIN, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; EARNEST LEE, SUPERINTENDENT, MISSISSIPPI
STATE PENITENTIARY, *Respondents-Appellees*

═══════════════════════════════════════════

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:17-CV-105

═══════════════════════════════════════════

## RESPONDENTS-APPELLEES' RESPONSE
## TO PETITION FOR REHEARING EN BANC

═══════════════════════════════════════════

LYNN FITCH
Attorney General of Mississippi

BRIDGETTE N. GRANT
Special Assistant Attorney General
Mississippi Bar No. 104548
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3823
E-mail: Bridgette.Grant@ago.ms.gov

*Counsel for Respondents-Appellees*

═══════════════════════════════════════════

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................ 1

STATEMENT OF THE CASE ........................................................... 4

ARGUMENT ................................................................................ 8

CONCLUSION ............................................................................ 17

CERTIFICATE OF SERVICE ........................................................ 18

CERTIFICATE OF COMPLIANCE ................................................ 19

# TABLE OF AUTHORITIES

**Federal Cases**

*Ake v. Oklahoma*, 470 U.S. 68 (1985) ............................................... passim

*Brecht v. Abrahamson*, 507 U.S. 619 (1993) ........................................... 10

*Brown v. Davenport*, 142 S. Ct. 1510 (2022) .................................... passim

*Hinton v. Alabama*, 571 U.S. 263 (2014) ............................................... 17

*Schlup v. Delo*, 513 U.S. 298 (1995) ........................................................ 9

*Shinn v. Ramirez*, 142 S. Ct. 1718 (2022) ........................................ passim

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................... passim

**State Cases**

*Crawford v. State*, 192 So. 3d 905 (Miss. 2015) ...................................... 4

*Crawford v. State*, 716 So. 2d 1028 (Miss. 1998) .................................... 4

*Crawford v. State*, 787 So. 2d 1236 (Miss. 2001) .............................. 4, 13

**Statutes, Rules, and Other Authorities**

28 U.S.C. § 2241 ............................................................................ 1, 9, 13

28 U.S.C. § 2243 ..................................................................... passim

28 U.S.C. § 2254 ...................................................................... 5, 15

Fᴇᴅ. R. Aᴘᴘ. P. 35(a)(1) ................................................................ 3, 8

Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on
   Criminal Judgments*, 38 U. Cʜɪ. L. Rᴇᴠ. 142 (1970) .......................... 10

## INTRODUCTION

This Court should deny Petitioner-Appellant Charles Ray Crawford's petition for rehearing en banc. A panel of this Court properly applied the Anti-Terrorism and Effective Death Penalty Act (AEDPA) and Supreme Court precedent to affirm the district court's denial of federal habeas relief. Doc. 00516579988 (Op.).

After briefing concluded, but prior to oral argument, the Supreme Court issued "two landmark habeas decisions—*Brown v. Davenport*, 142 S. Ct. 1510 (2022), and *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022)—that direct us to refocus our attention in AEDPA cases." Op. 13. They "reminded" lower courts that "habeas is and always has been a discretionary remedy." Op. 15.

*Davenport* highlighted the permissive language of the statutes— "federal courts 'may' grant habeas relief 'as law and justice require.'" 142 S. Ct. at 1520 (citing 28 U.S.C. §§ 2241, 2243). The Court held that "a federal court must *deny* relief to a state habeas petitioner who fails to satisfy either this Court's equitable precedents or AEDPA." *Id.* at 1524. "But to *grant* relief," the Court added, the habeas court "must find that the petitioner has cleared both tests." *Id.* Thus, the Court concluded that

"even a petitioner who prevails under AEDPA must still today persuade a federal habeas court that 'law and justice require' relief." *Id.* (quoting 28 U.S.C. § 2243).

In *Ramirez*, the Supreme Court "doubled down" on *Davenport*'s "proposition that passing AEDPA's strictures and the preexisting equitable doctrines are necessary but not sufficient to get federal habeas relief[.]" Op. 14. *Ramirez* reiterated that "the availability of habeas relief is narrowly circumscribed." 142 S. Ct. at 1730. And the Supreme Court added that "even if a prisoner overcomes all of these limits, he is never entitled to habeas relief[]"—"[h]e must still 'persuade a federal habeas court that law and justice require [it].'" *Id.*

Relying on these precedents, the panel here affirmed the district court's denial of federal habeas relief. Op. 14.

First, the panel held that Crawford's claims for habeas relief fail under AEDPA's requirements. Op. 5–13. Second, the panel determined that *even if* Crawford satisfied AEDPA, he failed to demonstrate that "law and justice" required granting habeas relief because he failed to make a colorable claim of factual innocence. Op. 13–19. The panel held: "[A]t most [Crawford] asserts that he wasn't legally culpable under

Mississippi law because of the affirmative defense of insanity." Op. 19. But "[e]*ven if* insanity implicated factual innocence," "law and justice would still require denying his petition" because "Crawford's innocence claim is not colorable[.]" Op. 19 (emphasis added).

Crawford now seeks further review. Doc. 92 (Pet.). Crawford contends that the panel created an "unprecedented rule"—dictating that only "petitioners who demonstrate factual innocence" may obtain habeas relief. Pet. 1, 6–12. He also contends that en banc review is needed "to correct" the panel's "holding that wrongly denie[d] [him] habeas relief … and promises to create substantial confusion within the circuit." Pet. 1–2, 10–12. Crawford further maintains that the panel "committed critical errors" in applying AEDPA. Pet. 1–2, 12–16.

Rehearing en banc is not warranted. The panel's decision is correct, and the petition offers no sound reason for further review. The panel correctly analyzed Crawford's claims under AEDPA and correctly applied Supreme Court precedent. The petition fails to show that en banc review is necessary to correct any error of law or to maintain uniformity of the Court's decisions. FED. R. APP. P. 35(a)(1). And the petition raises no

arguments that are worthy of further review. The petition should be denied.

## STATEMENT OF THE CASE

In August 1993, a jury convicted Crawford of raping 17-year-old Kelly Roberts and acquitted him of her kidnapping. ROA.1250, 1827. Crawford was separately convicted of assaulting a 16-year-old girl with a hammer in a contemporaneous incident and was later convicted of raping and murdering a 20-year-old woman. ROA.2038; *Crawford v. State*, 787 So. 2d 1236 (Miss. 2001); *Crawford v. State*, 716 So. 2d 1028 (Miss. 1998). Crawford's first rape conviction is the subject of this appeal. That conviction was affirmed on direct appeal. ROA.1839; *Crawford v. State*, 192 So. 3d 905 (Miss. 2015), *cert. denied*, 136 S. Ct. 2527 (2016). The Mississippi Supreme Court subsequently denied Crawford state post-conviction collateral relief because Crawford's "claim that the trial judge erred in denying [his] request for expert funding … [wa]s barred" under state law by waiver, his "claims of ineffective assistance of counsel fail[ed] to meet *Strickland*[,]" and "all claims were without merit." ROA.3167.

Crawford then sought federal habeas relief under 28 U.S.C. § 2254. ROA.5. The district court denied Crawford's § 2254 petition in a detailed opinion that applied AEDPA and the procedural-default standards and rejected Crawford's thirteen alleged grounds for habeas relief. ROA.943, 989. Later the district court granted a certificate of appealability on all thirteen grounds Crawford raised. ROA.990–98.

On appeal, Crawford abandoned ten of his claims and asserted three issues: (1) ineffective assistance of appellate counsel for failure to raise an *Ake*[1] claim on direct appeal; (2) a freestanding *Ake* claim and ineffective assistance of appellate counsel as cause and prejudice to overstep the procedural bar to a merits review of the *Ake* claim; and (3) ineffective assistance of trial counsel. Op. 5.

A panel of this Court affirmed the district court's denial of federal habeas relief. The panel rejected Crawford's first and second claims, which "turn[ed] on whether [his] appellate counsel was ineffective for failing to raise *Ake* on direct appeal." Op. 8. The panel held that the Mississippi Supreme Court's rejection of Crawford's ineffective-assistance-of-appellate-counsel claim for failure to raise on direct appeal

---

[1] *Ake v. Oklahoma*, 470 U.S. 68 (1985).

his unpreserved *Ake* claim—alleging that the trial court violated his procedural due process right to expert assistance in his insanity defense—was not an unreasonable application of *Strickland*. Op. 8–9. Finally, the panel concluded that, *even if* Crawford had preserved his *Ake* claim in the trial court, "the ineffectiveness claim still fails[]" because Crawford "merely argues that he meets *Ake*." Op. 9. But the panel held that was not "close to enough." Op. 9 The panel explained that "Crawford ha[d] the burden to show ineffectiveness under AEDPA's strictures," and he had not "tried to show that his *Ake-Strickland* claim would satisfy AEDPA's relitigation bar." Op. 9.

The panel also rejected Crawford's third claim alleging ineffective assistance of trial counsel. Op. 9–10. The panel held that, under AEDPA, the Mississippi Supreme Court's rejection of Crawford's challenge to trial counsel's strategic decision to present a hybrid defense was not an unreasonable application of *Strickland*. Op. 9–10.

Then the panel further explained that the Supreme Court's recent "landmark habeas decisions" in *Davenport* and *Ramirez* directed lower courts "to refocus [their] attention in AEDPA cases" and "apply a two-prong framework to adjudicate habeas petitions from state prisoners."

6

Op. 13–14 (footnote omitted). The "first prong," as the panel explained, "is business as usual: whether the state prisoner satisfies AEDPA and the usual equitable and prudential doctrines (*e.g.*, procedural default and prejudicial error)." Op. 14–15. "The second prong," the panel concluded, "is whether law and justice require granting habeas relief." Op. 15 (citing *Ramirez*, 142 S. Ct. at 1731). The panel then concluded that "law and justice" did not compel granting Crawford habeas relief absent a showing of his "factual innocence" and that Crawford failed to make that "required showing." Op. 15. The panel explained that requiring Crawford to make a showing of factual innocence "comport[ed] with the historical office of the writ" and "with the federalism principles undergirding AEDPA." Op. 16. Furthermore, "[f]actual innocence—not legal innocence" would satisfy "the law-and-justice requirement." Op. 18. And, the panel explained, in the context of law and justice, factual innocence is an assertion by the defendant that he did not commit the *conduct* underlying his conviction." Op. 18. So *even if* Crawford had satisfied AEDPA's requirements, the panel concluded that he failed to make a colorable claim of factual innocence. Op. 18–19. Crawford "at most, assert[ed] that he wasn't legally culpable under Mississippi law because of the affirmative defense

of insanity." Op. 19. But "[e]*ven if* insanity implicated factual innocence," the panel explained, "law and justice would still require denying" habeas relief because Crawford's "innocence claim [wa]s not colorable[.]" Op. 19. The panel concluded that the facts of Crawford's case prove that "[he] unquestionably raped a 17-year-old girl." Op. 19. Thus both "AEDPA and 'law and justice' both require[d] denying his request for federal habeas relief." Op. 19.

Crawford petitioned for rehearing en banc.

## ARGUMENT

The panel's decision comports with Supreme Court precedent and AEDPA. And Crawford fails to show that further review "is necessary to secure or maintain uniformity of the court's decisions." FED. R. APP. P. 35(a)(1). The petition for rehearing en banc should be denied.

*First*, the panel's decision aligns with the Supreme Court's decisions in *Davenport* and *Ramirez*. Op. 13–19. On that front, the panel held that "AEDPA and 'law and justice' both require[d] denying [Crawford's] request for federal habeas relief." Op. 19. That approach comported with the relevant habeas statutes, and *Davenport* and *Ramirez.*

8

The panel's decision is consistent with the statutory mandate to decide habeas petitions "as law and justice require." 28 U.S.C. § 2243; *see also Schlup v. Delo*, 513 U.S. 298, 319 (1995) ("[H]abeas corpus is, at is core, an equitable remedy."). In *Davenport*, the Supreme Court held that the habeas statutes "invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" 142 S. Ct. at 1523 (citing 28 U.S.C. §§ 2241, 2243). The Court ruled that Sections 2241 and 2243 authorize habeas courts "to adjust the scope of the writ in accordance with equitable and prudential considerations." *Id.* (citations omitted). And, as the panel in this case recognized, *Davenport* explained that "'[f]oremost among those considerations is the States' power and legitimate interest in punishing the guilty.'" Op. 16 (quoting *Davenport*, 142 S. Ct. at 1523; *Ramirez*, 142 S. Ct. at 1731).

The panel's conclusions here are consistent with *Davenport*'s teaching that habeas relief is an equitable remedy: "[l]aw and justice do not require habeas relief—and hence a federal court can exercise its discretion not to grant it—when the prisoner is factually guilty." Op. 16

(citing *Davenport*, 142 S. Ct. at 1523; Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L. Rev. 142, 142 (1970)) (parentheticals omitted). *Davenport* also emphasized the equitable doctrines developed by the Court "aimed at returning the Great Writ closer to its historic office." 142 S. Ct. at 1523. For example, procedural-default standards prevent petitioners from evading independent and adequate state law grounds sustaining their convictions unless they prove cause and prejudice or a fundamental miscarriage of justice to excuse their default. *Id.* As another example, the judicially crafted *Brecht*[2] standard "stress[es] that undoing a final state-court judgment is an extraordinary remedy, reserved for only extreme malfunctions in the state criminal justice system and different in kind from providing relief on direct appeal." *Id.*

In other words, *Davenport* recognized that while AEDPA's framework broadly governs federal habeas proceedings, federal courts still retain traditional equitable authority—both to broaden and narrow avenues of habeas relief. *See, e.g., id.* at 1524 ("While AEDPA announced certain new conditions to relief, it did not guarantee relief upon their

---

[2] *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

satisfaction. Instead, Congress left intact the equitable discretion traditionally invested in federal courts by preexisting statutes."). *Davenport* also instructed lower courts that, following these principles and consistent with the habeas statutes, "even a petitioner who prevails under AEDPA must still today persuade a federal habeas court that 'law and justice require' relief." *Id.* (quoting 28 U.S.C. § 2243). The Court explained: "whatever else those inquiries involve, they continue to require federal habeas courts to apply this Court's precedents governing the appropriate exercise of equitable discretion[.]" *Id.* Thus, federal courts "cannot grant habeas relief unless a state prisoner … satisfies both this Court's equitable precedents and Congress's statute." *Id.* at 1531.

For its part, in *Ramirez*, as the panel here recognized, the Supreme Court "doubled down on the proposition that passing AEDPA's strictures and the preexisting equitable doctrines are necessary but not sufficient to get federal habeas relief[.]" Op. 14 (citing *Ramirez*, 142 S. Ct. at 1731); *see also Ramirez*, 142 S. Ct. at 1730 ("To ensure that federal habeas corpus retains its narrow role, AEDPA imposes several limits on habeas relief, and we have prescribed several more.") (citing *Davenport*, 142 S. Ct. at 1523–24). As *Ramirez* reiterated, "even if a prisoner overcomes all

of these limits, he is never entitled to habeas relief[]"—"[h]e must still 'persuade a federal habeas court that law and justice require [it].'" *Ramirez*, 142 S. Ct. at 1730 (quoting *Davenport*, 142 S. Ct. at 1524).

Here, the panel complied with the requirements of *Davenport* and *Ramirez* "to refocus" its "attention in AEDPA cases." Op. 13. The panel applied the two-prong framework those decisions prescribed in ruling on Crawford's habeas petition: (1) AEDPA, and (2) "law and justice." Op. 14. And the panel concluded that *even if* Crawford could overcome the strictures of AEDPA, he failed to clear the hurdle of "law and justice" because he failed to make a colorable claim that he is factually innocent of rape. Op. 13–19. Consistent with the two-pronged approach dictated by AEDPA and the teachings of *Davenport* and *Ramirez*, the panel concluded that Crawford failed to clear AEDPA's requirements and the equitable requirement necessary to achieve habeas relief.

Crawford's contention that "the panel has foreclosed habeas relief to [him] because his underlying claims concern mental health and insanity, not factual innocence[,]" is wrong. Pet. 1. First, the panel rejected Crawford's claims for habeas relief under AEDPA's requirements. Op. 5–13. Second, the panel determined that *even if*

Crawford satisfied AEDPA, he failed to demonstrate that "law and justice" required granting habeas relief because he failed to make a colorable claim of factual innocence. Op. 13–19. The panel held: "[A]t most [Crawford] asserts that he wasn't legally culpable under Mississippi law because of the affirmative defense of insanity." Op. 19. But the panel further held that, "[e]*ven if* insanity implicated factual innocence," "law and justice would still require denying his petition" because "Crawford's innocence claim is not colorable[.]" Op. 19 (citing 28 U.S.C. §§ 2241, 2243) (emphasis added). Here:

> Crawford presented substantively identical insanity defenses at all three of his trials. At two of his trials, Crawford presented an expert witness to support his defense. Both juries flatly rejected that Crawford was insane. And one of the trials involved an incident contemporaneous with the rape of Roberts, and the same expert that Crawford wanted for the rape trial (Dr. Hutt) testified at the assault trial. *See Crawford*, 787 So. 2d at 1240, 1243. The State also presented at all three trials two experts who opined that Crawford was sane. There is thus no colorable reason to think that Crawford is insane, much less that he is factually innocent.

Op. 19. The facts thus prove that "Crawford unquestionably raped a 17-year-old girl" and justify the panel's conclusion that "AEDPA and 'law and justice' both require denying his request for federal habeas relief." Op. 19.

Finally, Crawford continues to ignore the fact that the question of his "actual innocence" was always a relevant consideration in this habeas proceeding. Crawford procedurally defaulted his freestanding *Ake* claim under the independent and adequate state procedural rule of waiver. ROA.3167. But Crawford failed to argue or even attempt to prove a "fundamental miscarriage of justice" to overstep the procedural bar to a merits review of his claim. ROA.963 ("Crawford has not provided this Court with any new evidence that, as a factual matter, would show that he did not commit the crime of conviction[;] [i]ndeed, Crawford does not make that argument at all.").

In sum, the panel's analysis and conclusion that Crawford failed to overcome AEDPA and make the equitable showing necessary to obtain habeas relief comports with the Supreme Court's decisions. *See Davenport*, 142 S. Ct. at 1531 (requiring a habeas petitioner to "satisf[y] both this Court's equitable precedents and Congress's statute"); *Ramirez*, 142 S. Ct. at 1732, 1739 (doubling down on *Davenport*). His case does not warrant further review.

*Second*, Crawford contends that the panel improperly denied him habeas relief on the merits. Pet. 12–16. But the panel properly rejected

his claims of ineffective assistance of counsel. Those issues do not merit further review.

The panel correctly held that Crawford's habeas claims failed under ADEPA. To overcome AEDPA's relitigation bar, Crawford had to prove that the state supreme court's adjudication of his claim "resulted in a decision that … involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). In rejecting Crawford's first and second claims, the panel held that the Mississippi Supreme Court's rejection of Crawford's ineffective-assistance-of-appellate-counsel claim for failure to raise his unpreserved *Ake* claim on direct appeal was not an unreasonable application of *Strickland*. Op. 8–9. That ruling was undoubtedly correct. As the panel explained, it "borders on absurd" for Crawford "to contend that [his] appellate counsel was deficient for failing to raise an unpreserved claim, or that the state court transgressed the every-reasonable-jurist standard." Op. 9. And, as the panel aptly noted, *even if* Crawford had preserved his *Ake* claim in the trial court, "the ineffectiveness claim still fails[]" because Crawford "merely argues that

he meets *Ake*." Op. 9. That plainly was "not close to enough" "to show that his *Ake-Strickland* claim would satisfy AEDPA's relitigation bar." Op. 9.

The panel also properly applied AEDPA to reject Crawford's third claim alleging ineffective assistance of trial counsel. Op. 9–10. The panel held that the Mississippi Supreme Court's rejection of Crawford's challenge to trial counsel's strategic decision to present a hybrid defense, rather than a pure insanity defense, was not an unreasonable application of *Strickland*. Op. 9–10. That claim easily failed under AEDPA. As the panel explained, a "fairminded jurist could conclude that the trial counsel's performance was not deficient … for two independent reasons": (1) the jury acquitted Crawford of kidnapping, and "Crawford does not dispute that his counsel's performance contributed to this result"; and (2) after a failed insanity defense with expert testimony in the assault trial, "counsel made an adequate strategic choice" to "present[] a substantively identical insanity defense but with lay testimony instead of the prior expert whose testimony was already rejected" and also "tried to raise reasonable doubt as to the rape charge based on a theory that Crawford and Roberts never had sex." Op. 10. The panel then rejected Crawford's remaining counterarguments as "unpersuasive." Op. 10–13 (rejecting

Crawford's "hodgepodge of cases" and concluding that the panel would have to improperly extend *Hinton v. Alabama*[3] to grant relief).

Crawford's rehashed challenges to the panel's merits review of his ineffective-assistance-of-counsel claims offer no reason to conclude that the panel misapplied the doubly deferential standard of review of AEDPA and *Strickland* to reject his claims. Rehearing en banc is not warranted to review that decision.

## CONCLUSION

The petition for rehearing en banc should be denied.

Respectfully submitted,

LYNN FITCH
Attorney General of Mississippi

*/s/ Bridgette N. Grant*
BRIDGETTE N. GRANT
Special Assistant Attorney General
Mississippi Bar No. 104548
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3823
E-mail: Bridgette.Grant@ago.ms.gov

*Counsel for Respondents-Appellees*

---

[3] *Hinton v. Alabama*, 571 U.S. 263 (2014).

17

# CERTIFICATE OF SERVICE

I, Bridgette N. Grant, hereby certify that the foregoing brief has been filed with the Clerk of Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record.


Dated: February 9, 2023


*/s/ Bridgette N. Grant*
BRIDGETTE N. GRANT
Special Assistant Attorney General
*Counsel for Respondents-Appellees*

# CERTIFICATE OF COMPLIANCE

This brief complies with the word limitations of Fed. R. App. P. 32(a)(2)(A) because excluding parts of the document exempted by Fed. R. App. P. 32, it contains 3,228 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, including serifs, using Microsoft Word 2016, Century Schoolbook 14-point font, except for the footnotes, which are in proportionally spaced typeface, including serifs, using Microsoft Word 2016, in Century Schoolbook 12-point font.

Dated: February 9, 2023

/s/ *Bridgette N. Grant*
BRIDGETTE N. GRANT
Special Assistant Attorney General
*Counsel for Respondents-Appellees*

19